UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY RYALS,

        Plaintiff,

vs.                              Case No. 2:07-cv-56-FtM-29SPC

COLLIER COUNTY SHERIFF KEVIN J. RAMBOSK; ET AL.

        Defendants.
_____

## OPINION AND ORDER

**I.**

This matter comes before the Court upon review of the Motion to Dismiss (Doc. #151, Motion), filed on behalf of Kevin J. Rambosk, in his official capacity as the Sheriff of Collier County, Florida. Plaintiff filed a Response (Doc. #155, Response) in opposition the Sheriff's Motion. For the reasons set forth herein, the Court grants the Defendant's Motion.

**II.**

Plaintiff, proceeding with court-appointed counsel,[1] filed his Third Amended Complaint (Doc. #146, Complaint) naming the following Defendants: the Collier County Sheriff in his official capacity, Prison Health Services ("PHS"), Aramark Correctional Services,[2] and

---

[1] The Court appointed counsel for Plaintiff on August 20, 2009. See Doc. #144.

[2] Plaintiff recently filed a Notice of Settlement with regard to Defendant Aramark Correctional Services. See Doc. #179.

employees of PHS and of the Collier County Jail.[3]  Complaint at 1.

The Complaint alleges that Defendants violated Plaintiff's rights arising under 42 U.S.C. § 1983 and § 1988, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA").  The Complaint also alleges a negligence claim against PHS pursuant to Florida law.  See generally Id.

Specifically, Plaintiff states that in November 2004, he was arrested and transported to the Collier County Jail.  Id. at ¶ 11.  Upon intake at the jail, medical orders directed that Plaintiff be placed in housing for disabled inmates and all Defendants were aware of Plaintiff's infirmities and disabilities.  Id. at ¶¶ 12-13.  Specifically, Plaintiff states that he suffers from a lumbar injury with prior surgery at "L4/5," chronic pain syndrome, lumbar spondylosis, lower extremity weakness, urinary retention, requiring self-catheterization 5 times a day, and a left shoulder injury that required surgery.  Id. at ¶ 10.  In summary, Plaintiff alleges that throughout the duration of his incarceration in the Collier County Jail, his cells were not ADA compliant, depriving Plaintiff of the most basic services, such as, running water, a mattress on a bed, instead of a pad on the floor, with adequate backs support for his lumbar spine condition, and adequate handrails in the showers so Plaintiff could bathe without injury; Plaintiff received delayed medical care and/or denied medical care and supplies, including care

for his injured shoulder, a renal diet, and necessary catheter stents in the correct size for his bladder. Id. at ¶¶ 11-26, 28.

In Counts I and II, Plaintiff seeks injunctive relief against the Sheriff for the alleged violations of the ADA and the alleged violations under 42 U.S.C. § 1983, respectively.[4] Complaint at 6-7. In his Motion to Dismiss, the Defendant Sheriff contends that, Plaintiff's claims for injunctive relief are moot because he is no longer incarcerated in the Collier County Jail. Motion at 1-2. In response, Plaintiff contends that his release from the county jail does not moot his claims for injunctive relief. Response at 2. Plaintiff states that he may be held in the county jail again, and, if not, he will want to visit other inmates there. Id. (citing Complaint at ¶ 34).

### III.

"If a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." Seay Outdoor Advertising, Inc. v. City of Mary Esther, Fla., 397 F.3d 943, 946 (11th Cir. 2005)(citations omitted). A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a court decision could no longer provide meaningful relief to a party. Troiano v. Supervisor of Elections in Palm Beach County, 382 F.3d

---

[4]Count II is titled "Complaint for Injunctive Relief"; however, the body of the count seeks declaratory relief. Complaint at 7. This discrepancy is immaterial to the issues before the Court.

1276, 1281 (11th Cir. 2004). Whether a case is moot is a question of law, Troiano, 382 F.3d at 1282, and the party urging dismissal bears the heavy burden of establishing mootness. Beta Upsilon Chi Upsilon Chapter v. Machen, 586 F.3d 908, 916 (11th Cir. 2009).

Because mootness is about the Court's power to hear a case, Rule 12(b)(1) provides the proper framework for evaluating Defendants' Motions. Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1182 (11th Cir. 2007). Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim (or, indeed, an entire lawsuit) on the ground that the Court lacks subject matter jurisdiction. Jurisdiction may be attacked facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n. 5 (11th Cir. 2003). Facial attacks challenge the court's jurisdiction based on the allegations in the complaint, which the court accepts as true. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). On the other hand, factual or substantive attacks challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. "Since such a motion implicates the fundamental question of a trial court's jurisdiction, a 'trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations.'" Makro Capital of

America, Inc. v. UBS AG, 543 F.3d 1254, 1258 (11th Cir. 2008)(quoting Amway Corp., 323 F.3d at 925).

It is well established in the Eleventh Circuit that the transfer of a prisoner will moot his individual claim for injunctive and declaratory relief (but not his individual claims for money damages). McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984); Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007); Hathcock v. Cohen, 287 Fed. Appx. 793 (11th Cir. 2008).

The Court is unpersuaded by Plaintiff's arguments that the claims are not moot as to the Sheriff. Plaintiff contends that he may be an inmate again in the Collier County Jail, and, therefore, the claim for injunctive relief is not moot. The Supreme Court, the Eleventh Circuit, and this Court have rejected such claims. Spencer v. Kemma, 523 U.S. 1, 15 (1998); McKinnon, 745 F.2d at 1363 (Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984)); Romano v. Rambosk, Case No. 2:06-cv-375-FtM-29DNF, 2010 WL 2732005 (M.D. Fla. July 9, 2010). Similarly, Plaintiff's requests for declaratory relief against the Sheriff, as part of the requested relief in Counts II, IV, and V, are moot for the reasons discussed supra. Therefore, this requested relief against the Sheriff will also be stricken in Counts IV and V.

**IV.**

Count VIII of the Complaint is a "General Prayer for Relief," which summarizes the relief Plaintiff seeks in his prior counts. Complaint at 13-14. Because Count VIII does not purport to state a claim, it is not a proper freestanding count and will be stricken.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Motion to Dismiss (Doc. #151), filed on behalf of Kevin J. Rambosk is **GRANTED**, and Counts I and II of the Complaint are **DISMISSED** as to Defendant Rambosk in his official capacity as Sheriff of Collier County.

2. Those portions of Counts IV and V seeking injunctive relief or declaratory relief against the Sheriff in his official capacity are **STRICKEN as moot.**

3. Count VIII of the Complaint is **STRICKEN.**

**DONE AND ORDERED** in Fort Myers, Florida, on this __2nd__ day of August, 2010.

JOHN E. STEELE
United States District Judge

SA: alj

Copies: All Parties of Record