```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

JEFFREY RYALS,

                Plaintiff,

vs.                                   Case No. 2:07-cv-56-FtM-29SPC

COLLIER COUNTY SHERIFF KEVIN J. RAMBOSK; ET AL.

                Defendants.
_____

## **OPINION AND ORDER**

### **I.**

This matter comes before the Court upon review of Defendant PHS, Inc.'s Motion to Dismiss (Doc. #152, Motion),[1] to which Plaintiff has filed a response (Doc. #157, Response) in opposition. For the reasons set forth below, the Court denies Defendant's Motion.

---

[1] Defendant PHS attaches exhibits amounting to approximately 300 pages. See Doc. #152-#153. The exhibits consist of the following: a copy of Plaintiff's "inmate population detail" printed from the Florida Department of Corrections website (Exh. A); an unsigned and unnotarized Affidavit of Scott King regarding the Department of Correction's contract with PHS (Exh. A) and attached executed contract between said parties; and a signed and notarized Affidavit of Scott King (Exh. B) with the aforementioned executed contract. Ordinarily references to documents outside of the motion to dismiss converts the motion to a motion for summary judgment. In this case, the Court applies Rule 12(b)(6) because it does not refer to the exhibits, which are now inapplicable since Plaintiff voluntary dismissed the Department of Corrections.

**II.**

Plaintiff, proceeding with court-appointed counsel,[2] filed his Third Amended Complaint (Doc. #146, Complaint) naming the following Defendants: the Collier County Sheriff in his official capacity, Prison Health Services ("PHS"), Aramark Correctional Services,[3] and employees of PHS and of the Collier County Jail.[4]  Complaint at 1.

The Complaint alleges that Defendants violated Plaintiff's rights arising under 42 U.S.C. § 1983 and § 1988, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA").  The Complaint also alleges a negligence claim against PHS pursuant to Florida law.  See generally Id.

Specifically, Plaintiff states that in November 2004, he was arrested and transported to the Collier County Jail.  Id. at ¶ 11.  Upon intake at the jail, medical orders directed that Plaintiff be placed in housing for disabled inmates and all Defendants were aware of Plaintiff's infirmities and disabilities.  Id. at ¶¶ 12-13.  Specifically, Plaintiff states that he suffers from a lumbar injury with prior surgery at "L4/5," chronic pain syndrome, lumbar spondylosis, lower extremity weakness, urinary retention, requiring self-catheterization 5 times a day, and a left shoulder injury that

---

[2]The Court appointed counsel for Plaintiff on August 20, 2009.  See Doc. #144.

[3]Plaintiff recently filed a Notice of Settlement with regard to Defendant Aramark Correctional Services.  See Doc. #179.

required surgery. Id. at ¶ 10. In summary, Plaintiff alleges that throughout the duration of his incarceration in the Collier County Jail, his cells were not ADA compliant, depriving Plaintiff of the most basic services, such as, running water, a mattress on a bed, instead of a pad on the floor, with adequate backs support for his lumbar spine condition, and adequate handrails in the showers so Plaintiff could bathe without injury; Plaintiff received delayed medical care and/or denied medical care and supplies, including care for his injured shoulder, a renal diet, medications for his back condition, and necessary catheter stents in the correct size for his bladder. Id. at ¶¶ 11-26, 28.

In Counts III and VI, respectively, Plaintiff sets forth a civil rights claim pursuant to 42 U.S.C. § 1983 and a negligence claim pursuant to Florida law stemming from Defendant PHS and John Doe employees of PHS actions, or inaction.[5] Specifically, Plaintiff attributes liability on PHS for its employees' continual failure to provide Plaintiff with a necessary number and size of stents for his renal needs. The stents were "non-reusable," thus PHS' employees should have provided 3-5 stents daily to adequately conform to Plaintiff's needs to release urine. Id. Instead, Plaintiff had no option but to reuse the same, inappropriately

---

[5]The Court will not address any arguments Defendant PHS raises regarding Plaintiff's claims arising from incidents at Madison Correctional Institution because Plaintiff has voluntary dismissed said claims. Response at 3.

sized stent with no means to sterilize the stent. <u>Id.</u> This lead Plaintiff to sustain injuries, including severe discomfort and ten bladder infections over the course of twenty months. <u>Id.</u> Additionally, Plaintiff attributes liability to PHS for delayed medical care for his injured shoulder, and either delayed or refusal to provide Plaintiff with the medication required for his lumbar condition. <u>Id.</u>

### III.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004); Fed. R. Civ. P. 10(c) ("[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Thus, the Court must accept all factual allegations in Plaintiff's Amended Complaint as true and take them in the light most favorable to the Plaintiff. <u>Pielage v. McConnell</u>, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. <u>Ashcroft v. Iqbal</u>, ____ U.S. ____, 129 S.Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); <u>see also</u> <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

To satisfy the pleading requirements of Rule 8, a complaint must contain a "short plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." Swann v. Southern Health Partners, Inc., 388 F.3d 834, 836-838 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)); Laurie v. Ala. Court of Crim. Appeals, 256 F.3d 1266, 1275-76 (11th Cir. 2001). This heightened pleading standard requires a plaintiff to allege the facts supporting a § 1983 claim with some specificity. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367, 1368

(11th Cir. 1998) (stressing "that the heightened pleading requirement is the law of this Circuit"). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

Defendant PHS argues that the Complaint does not set forth a civil rights claim because the Complaint fails to allege that any of PHS' policies or customs caused the alleged constitutional violations. Motion at 2-3. Defendant PHS also argues that the Court must dismiss Plaintiff's state law negligence claim because the statute of limitations has expired and Plaintiff failed to comply with the conditions precedent set forth in the Florida Statutes. Id. at 3-6.

In Response, Plaintiff refers the Court to paragraphs 6 and 44 of the Complaint and argues that the factual allegations state a claim against PHS pursuant to § 1983, § 1988, the Fifth, Eighth, and Fourteenth Amendments to the Constitution, and 42 U.S.C. § 12101, et seq. Response at 4, 9. Specifically, Plaintiff states that PHS was under a contract with the Collier County Sheriff to provide medical services to the inmates; that Plaintiff's disability was known to the Defendant; that he required stents, so urine could pass; and that he was provided with only one stent a

day. Plaintiff also submits that Defendant PHS relies on Florida Statute § 57.085, entitled "Deferral of prepayment of court costs and fees for indigent prisoners," in error because the terms of the statute are inapplicable to the Complaint *sub judice*. Id. at 9-12. Plaintiff further submits that, to the extent Defendant PHS argues that the Complaint "sounds in medical negligence," the Complaint states a general negligence claim under Florida law against PHS, not a medical malpractice claim. Id. at 7. Last, to the extent the Court finds merit in any of the Defendant's arguments, Plaintiff requests permission to file an amended complaint. Id. at 13-14.

**IV.**

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001); Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266 (1994)(plurality opinion). In the case *sub*

*judice*, PHS does not dispute that it qualifies as a "State actor" for purposes of section 1983. See generally Motion. The Complaint alleges that PHS violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical conditions in violation of his Eighth or Fourteenth Amendment rights.

"[D]eliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999). Specifically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, applies to pretrial detainees, like Ryals. Goebert v. Lee County, 510 F.3d 1313, 1326 (11th Cir. 2007)(citing Snow ex rel Snow v. City of Citronelle, Ala., 420 F.3d 1262, 1268 (11th Cir. 2005)). However, the standards under the Fourteenth Amendment are identical to those under the Eighth. Goebert, 510 F.3d at 1326 (citing Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 2005)).

In order to state a claim for a violation under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. This showing requires a

plaintiff to satisfy an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)). A plaintiff must first show that he had an "objectively serious medical need." Id. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citations omitted). "The medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id. Second, a plaintiff must establish that a defendant acted with "deliberate indifference" by showing both a: (1) subjective knowledge of a risk of serious harm (i.e., both awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and the actual drawing of the inference); and (2) disregard of that risk; and (3) conduct that is more than gross negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). "Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact 'subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" Goebert, 510 F.3d at 1327 (quoting Farmer v. Brennan, 511 U.S. 825, 842 (1994)).

When a prison official eventually provides medical care, the prison official's act of delaying the medical care for a serious medical need may constitute an act of deliberate indifference. See McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Harris v. Coweta County, 21 F.3d 388, 393-394 (11th Cir. 1994); Brown v. Hughes, 894 F.2d 1533, 1537-39 (11th Cir. 1990).  In determining whether the length of the delay violates the constitution, relevant factors for the Court to consider include the nature of the medical need and the reason for the delay. McElligott, 182 F.3d at 1255. The Court should consider whether the delay in providing treatment worsened the plaintiff's medical condition, and as such "[a]n inmate who complains that delay in medical treatment [rises] to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay." Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds Hope v. Pelzar, 536 U.S. 730 (2002);  Parzyck v. Prison Health Services, 290 Fed. Appx. 289, 291 (11th Cir. 2008)(finding a serious medical condition existed when severe back pain occurred on a daily basis that prevented the plaintiff from walking normally).

The final requirement for a deliberate indifference claim is that a defendant have a causal connection to the constitutional harm.  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Causation, of course, can be shown by personal participation in the

constitutional violation.  Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)(per curiam).

## V.

In the instant case, Defendant PHS does not dispute that Plaintiff's medical conditions are serious medical conditions, nor does it dispute that their actions amount to deliberate indifference.  See generally Motion.  Instead, Defendant PHS argues that the Complaint does not allege that a custom or policy of PHS caused the constitutional violation.

To establish liability against PHS, the Eleventh Circuit Court of Appeals has ruled that, similar to municipalities, "the Monell custom or policy requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state[,]" such as, PHS.  See Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997).  Thus, to impose liability on PHS, plaintiffs must identify a PHS policy or custom that caused the decedent's injuries.  See Powell v. Barrett, 496 F.3d 1288, 1318 (11th Cir. 2007) (discussing requirements for finding municipal liability).  "[A] policy is a decision that is officially adopted . . . or created by an official of such rank that he or she could be said to be acting on behalf of the [entity]."  Goebert, 510 F.3d at 1332 (citing Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997)).  "A custom is an unwritten practice that is applied consistently enough to have the same effect as a

policy with the force of law." Goebert, 2007 WL 4458122 *17 (citing City of St. Louis v. Praprotnic, 484 U.S. 112, 127). "Demonstrating a policy or custom requires 'showing a persistent and wide-spread practice.'" Goebert, 2007 WL 4458122 *17 (citing Depew v. City of St. Mary's, Ga., 787 F.2d 1496, 1499 (11th Cir. 1986). Rarely is there an officially-adopted policy permitting a constitutional violation; thus, most plaintiffs must show a "custom or practice that evidences a 'deliberate indifference' to the plaintiff's right." Powell, 496 F.3d at 1318. Additionally, failure to correct constitutionally offensive actions by PHS' employees can rise to the level of a custom or policy if PHS "tacitly authorize[d] these actions or display[ed] deliberate indifference" towards the misconduct. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1308 (11th Cir. 2001).

The Complaint includes an allegation that "the actions of the individual officers were due to the policy-makers' failure to properly and adequately train and educate it's employees." Complaint at 9. The Plaintiff does not allege that a particular PHS written policy caused the constitutional deprivation, nor does Plaintiff refer the Court to such a written policy. As the facts of the case develop through discovery, Plaintiff may find a PHS written policy that caused the constitutional deprivation. Nevertheless, the Complaint alleges a causal connection between PHS and the Plaintiff's injuries, as evidenced, for example, by the

number of bladder infections Plaintiff incurred as a result of PHS employees' refusal to provide Plaintiff with the requisite number of stents, or the correct size stents, to remove his urine. Thus, the Complaint states a claim against PHS.

With regard to the pendent Florida law claims, a plaintiff may raise a federal constitutional issue in his Complaint and also bring a pendent state law negligence claim. See generally Lewis, 260 F.3d 1260 (alleging federal claims and pendent state law claims of negligence); Britt v. Prison Health Services, Inc., Case No. 6:06-cv-599-Orl-19DAB, 2007 WL 2126294 (M.D. Fla. July 23, 2007)(alleging Fourteenth and Eighth Amendment federal claims and pendent state law medical malpractice and negligence claims). The Court is persuaded by Plaintiff's argument and finds the Complaint alleges a general negligence claim, not a medical malpractice claim. See Response at 12. To the extent any of PHS' arguments are not addressed herein, the Court deems them to be without merit.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant PHS' Motion to Dismiss (Doc. #152) is **DENIED**.

2. PHS shall file a responsive pleading to Plaintiff's Third Amended Complaint (Doc. #146) within **twenty-one (21) days** from the date on this Order.[6]

**DONE AND ORDERED** in Fort Myers, Florida, on this __6th__ day of August, 2010.

SA: alj

JOHN E. STEELE
United States District Judge

Copies: All Parties of Record

---

[6] PHS filed Answers and Affirmative Defenses on November 2, 2007, October 20, 2008, and December 4, 2008, to Plaintiff's earlier complaints before counsel was appointed on behalf of Plaintiff.